IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16 CR 528 AGF/PLC |
| ) | |
| KERRY ROADES, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO SET ASIDE WAIVER AND MOTION FOR REVOCATION OF DETENTION ORDER

Comes now Defendant Kerry Roades, by and through counsel Paul J. D'Agrosa and pursuant to 18 U.S.C. §3145 (b) does hereby request the Magistrate Judge set aside the previous waiver of detention hearing and further, review and revoke the previous detention order entered in this case. Defendant is requesting a hearing in order to proffer evidence and information in support of Defendant's motion to be admitted to bail. In support, Defendant states the following:

### PROCEDURAL HISTORY

1.  Defendant was originally arrested on the basis of a Complaint, issued on or about December 1, 2016. The Defendant was charged with kidnapping.

2. The Government filed a motion for detention [doc. 6], alleging that Defendant was a flight risk, a potential danger to the community and/or a potential threat to obstruct justice.

3. On December 9, 2016 Defendant waived his detention hearing, on the advice of previous counsel. The magistrate judge did not therefore have the benefit of any evidence

or information in support of or to rebut the government's motion for detention, other than the pretrial services report. The magistrate judge therefore based her order of detention upon Defendant's waiver and a pretrial services recommendation, which simply concluded that the allegations were serious.

      4. Defendant retained undersigned counsel following the waiver and issuance of a detention order.

      5. In the meantime, a grand jury returned an indictment, charging Defendant with conspiracy to commit kidnapping and acting with others to possess or brandish a firearm in furtherance of a crime of violence. Defendant has pleaded not guilty to the accusations.

      6. The government subsequently filed a motion for continued detention [doc. 31], alleging that Defendant still poses a serious risk of flight.

### MOTION FOR HEARING ON REVIEW OF DETENTION ORDER

      7. When Defendant was advised by previous counsel to waive his detention hearing, Defendant did not do so knowingly and voluntarily. Defendant had been in custody for at least eight (8) days, had been deprived of sleep due to his medical condition and was not prepared to waive his hearing.

      8. Defendant submits that he was prepared (and is now prepared) to proffer evidence and information to this Court in support of his motion to be admitted to bail.

      9. Defendant is not a flight risk. He maintains significant ties to the community. He has been married for seventeen (17) years and has two children. He has lived in the St. Louis area all of his life. He owns several businesses and has been gainfully employed his entire adult life.

      10. Defendant is not potential danger to the community. In spite of the nature of

the allegations, Defendant does not have a criminal history or any history related to violence.

11. Defendant has significant health issues, including chronic kidney stones and bone-on-bone vertebrae, causing significant pain.

12. The evidence against Defendant is not overwhelming. In spite of the allegations, the victim of the alleged kidnapping was unable to identify Defendant from a photo lineup. Defendant submits that his alleged involvement is so minor that a combination of conditions exist which would ensure his appearance and protect the community.

13. The United States Supreme Court has stated that the Bail Reform Act preserves the preference for release of the accused pending trial. *United States v. Salerno,* 481 U.S. 739 (1987). Liberty is the norm under the Bail Reform Act, detention the carefully limited exception. *Id. at 755.*

14. Defendant is requesting the Magistrate Judge afford Defendant an opportunity to be heard on the issue of pretrial release.

15. In determining whether a defendant poses a danger to any other person or the community, or poses a flight risk, the Court should consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law;

and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*18 U.S.C. § 3142(g).*

16. Defendant is requesting an opportunity to present and proffer evidence in support of is request that the original order of detention be revoked and that Defendant be admitted to bail.

WHEREFORE, for the foregoing reasons, Defendant Kerry Roades does hereby request this Court enter an order that that original detention order be reviewed and revoked and further, that a hearing be held on Defendant's motion.

Respectfully submitted,

LAW OFFICES OF
WOLFF & D'AGROSA

/s/Paul J. D'Agrosa
Paul J. D'Agrosa (#36966MO)
7710 Carondelet, Suite 200
Clayton, Mo. 63105
(314) 725-8019
(314) 725-8443 Fax

Paul@wolffdagrosa.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Mr. Cristian Stevens, Assistant U.S. Attorney and all attorneys of record.

/s/ Paul J. D'Agrosa